UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDUARDO MEDRANO,

                              Petitioner,

                              v.                                  9:05-CV-1422
                                                                              (TJM)(DEP)

T.S. CRAIG, Warden,

                              Respondent.

---

APPEARANCES

EDUARDO MEDRANO
27786-083
FCI Ray Brook
P.O. Box 9009
Ray Brook, New York 12977
Petitioner *pro se*

THOMAS J. MCAVOY, Senior Judge

**MEMORANDUM-DECISION AND ORDER**

**I.    Background**

       Currently before the Court is Petitioner Eduardo Medrano's petition for *habeas corpus* relief, pursuant to 28 U.S.C. § 2241, as well as his application to proceed *in forma* pauperis. *See* Dkt. Nos. 1, 2. Petitioner has not paid the required filing fee.

       Petitioner, who is confined at the Federal Correctional Institution at Ray Brook, New York, brings this action to challenge the sentence that the United States District Court for the Eastern District of Virginia imposed upon him. That court sentenced Petitioner on September 8, 1997 to a term of 236 months imprisonment. *See* Dkt. No. 1 at 2.[1] Petitioner did not appeal from

---

[1] Petitioner attaches a form § 2241 petition to his own petition. The form petition, which
                                                                                                      (continued...)

the September 1997 judgment of conviction or sentence. *See id.* at 7. According to Petitioner, he filed a "motion pursuant to Fed. R. Crim. P. 52(b) to the [sentencing] district court" which that court construed as a motion filed pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 1 at 3. The sentencing court denied Petitioner's § 2255 motion. *See id.*.

As a basis for his current petition, Petitioner asserts that after Petitioner was sentenced, Petitioner instructed his counsel to file a notice of appeal from the sentence imposed, but that counsel failed to do so. *See id.* Accordingly, Petitioner asks the Court to "issue an Order, granting the writ, vacating the judgment and allowing the movant to appeal anew."[2] *See id.* at 17. Alternatively, Petitioner asks this Court to transfer this action to the Eastern District of Virginia, the sentencing court. *Id.*

**II.     Discussion**

**A.     Section 2255 and Section 2241**

A prisoner in custody under sentence of a federal court who wishes to attack the validity of his conviction or sentence collaterally may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). That right, however, is not unlimited. Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion. In pertinent part, this statute provides that

---

[1](...continued)
is four pages long, is unnumbered. The actual petition attached thereto begins its numbering at page 1 and ends with page 14. For ease of reference, both documents will be treated as on document, beginning at page 1 and ending at page 18.

[2] The Court notes that Petitioner does not claim that he is actually innocent of the crimes of which he was convicted.

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence. *See Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citation omitted). A federal prisoner, however, generally may not seek relief from his conviction or sentence pursuant to a § 2241 petition.

**B.     Section 2255's savings clause**

There is an exception to the bar against a federal prisoner using a § 2241 petition to attack a federal conviction collaterally. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997).

The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378

(citations omitted).³ In other words, this interpretation of § 2255's savings clause would appear to limit habeas relief to those circumstances in which § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377. Therefore, where a petitioner claims that § 2255's remedy is not available and also asserts a claim of actual innocence which he can prove based upon the existing record and which he could not have asserted earlier, § 2255's savings clause allows for habeas review. *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir.2003) (quotation omitted); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quotation and footnote omitted).⁴

**C.     Petitioner's claims**

As noted, in support of his petition, Petitioner argues that he was denied the right to appeal from his sentence because of his attorney's failure to file a notice of appeal, as the

---

³ However, courts that have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most other situations. *See, e.g., Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review)*; Jiminian*, 245 F.3d at 147-48 (citations omitted) (§ 2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion)*; United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citation omitted) (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations . . . to expire.")*; Triestman*, 124 F.3d at 376 (procedural barriers to the filing of a § 2255 motion, without more, do not establish that statute's inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (citation omitted) (§ 2255's remedy is not inadequate or ineffective within the meaning of this savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

⁴ In *Cephus*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few . . . .'" *Cephus*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 378). The *Cephus* court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.* (quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

attorney had promised to do.  This assertion clearly challenges the imposition of his sentence and not its execution.  Thus, Petitioner's remedy lies with § 2255 unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

Petitioner filed a motion in the United States District Court for the Eastern District of Virginia, which he alleges that the court construed as a § 2255 motion and denied.  *See* Dkt. No. 1 at 8.  Thus, pursuant to § 2255, he may not file a second or successive motion unless he first receives permission to do so from the appropriate Court of Appeals.  *See* 28 U.S.C. § 2255. Petitioner does not claim that he sought the necessary certification from the appropriate Court of Appeals.  He merely claims that his present claim would not meet the gate-keeping requirements for permission to file a second or successive § 2255 motion.  *See* Dkt. No. 1 at 8-9.[5]

In this case, however, nothing in Petitioner's application establishes that § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention.  Petitioner's § 2255 remedy is now time-barred, and he is unable to meet the gate-keeping requirements for permission to file a second or successive § 2255 motion.  He cannot not now resort to § 2241 merely to save his now untimely claim.  Moreover, although it appears that § 2255's remedy is unavailable to Petitioner, that alone does not establish that this remedy is inadequate or ineffective.  Furthermore, this Court concludes that its denial of Petitioner's request to proceed under § 2255's savings clause does not raise a "serious constitutional question."  *See, e.g. United States v. Lurie*, 207 F.3d at 1077 (§ 2255's remedy is not inadequate or ineffective simply

---

[5] The Court notes that, even if the appropriate circuit were to certify a second or successive § 2255 motion, this Court would lack jurisdiction to entertain that motion because a petitioner must file such a motion in the sentencing court.  *See* 28 U.S.C. § 2255.

because the petitioner "allowed [that statute's] one year statute of limitations . . . to expire.");
*Jiminian*, 245 F.3d at 147-48 (§ 2255's remedy not inadequate or ineffective because of petitioner's inability to meet the gatekeeping requirements of § 2255); *see also supra*, n.3, 4. Therefore, the Court finds that § 2255's savings clause does not apply to this case, and this Court lacks jurisdiction to entertain Petitioner's § 2241 petition.[6]

Accordingly, the Court dismisses Petitioner's petition.

**III.    Request to transfer and *in forma pauperis* application**

In light of the dismissal of the instant petition, the Petitioner's request that the Court transfer this petition to the Eastern District of Virginia, as well as Petitioner's *in forma pauperis* application, are denied as moot.

**WHEREFORE**, for the above-stated reasons, it is hereby

**ORDERED**, that Petitioner's petition is **DISMISSED**, and it is further

**ORDERED**, that Petitioner's *in forma pauperis* application is **DENIED AS MOOT**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Petitioner.

Dated January 27, 2006

Thomas J. McAvoy
Senior, U.S. District Judge

---

[6] Alternatively, even if the Court were to construe Petitioner's application as a second or successive § 2255 motion, the Court would lack jurisdiction over such a petition. *See* 28 U.S.C. § 2255.